## [VERDICT.]

Upon which the jurors aforesaid upon their oaths aforesaid respectively do say that if it should happen that judgment in the plea aforesaid for the said Thomas Fairclaim upon the evidence aforesaid should be rendered, they find for the said Thomas Fairclaim, and that he has sustained damages by occasion of the premises to sixpence, and for his costs and charges to sixpence besides the costs expended; and if it should happen that judgment in the plea aforesaid for the said Nehemiah Hudson [1] and John Cannon upon the evidence aforesaid should be rendered, they find for the defendants etc.

NOTE 1. This demurrer differs from that in 3 Morg.Ess. 451 in making the offer of the evidence in the past tense, which is certainly more reasonable, forming a succession in the business, especially as it appears to be in term by the date in the introduction, in the presence of the parties, and in open court; and as the demurrer, joinder, and finding are in the present tense.

NOTE 2. It is said by the Court, Cro.Car. 243, to be more usual to discharge the jury, which is indeed in part the prayer of the demurrer and joinder. Also in 3 Morg.Ess. 449 it is said to be the most usual course to discharge the jury and have a writ of inquiry; but a conditional verdict (that is, contingent damages in form of a special verdict, 3 Morg.Ess. 549) is certainly equally good, being confirmed by all the books—it is more convenient and less expensive—and is not contrary to the prayer of the demurrer and joinder, for it yields to the court the decision of the point from which the parties prayed the jury might be discharged. *Vide* Doug. 222.

### ENOCK EVANS v. ANNANIAS HUDSON.

Court of Common Pleas. November, 1798.

*Wilson's Red Book, 213.*

---

[1] Previously referred to as, "Nehemiah Hasty."

*Wilson* [for plaintiff].

*Ridgely,* for defendant, moved to quash the attachment, because the affidavit does not pursue the Act of Assembly, the words of which are, [1 Del.Laws] 468: "That the said defendant is justly indebted to the plaintiff in the sum of forty shillings and upwards and avoids coming into this government lest he or she be taken to answer his or her just debts as it is believed." The affidavit has it "to defraud his creditors," in the act it is "lest he or she be taken to answer his or her just debts," which he said was a fatal variance.

*Wilson* for plaintiff. This variance is not material, for the design of the Act is that it be sworn that defendant avoids coming into the government on the account of his creditors, which is sworn to in this case. But at all events, the court will not suffer defendant before appearance to object to their proceedings. If the defendant is not in court, he cannot be heard by counsel, and the court will not *ex officio* inspect the affidavit, for thereby also plaintiff may lose his debt.

BASSETT, C. J. The affidavit is not the one directed in the Act, and we are bound to take notice of the proceedings. The attachment ought not to have issued upon this affidavit and therefore it must be quashed.